UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:17-cr-00169-GEB |
|---|---|
| Plaintiff, | ORDER AFFIRMING MAGISTRATE JUDGE'S PRETRIAL DETENTION ORDER AND DENYING DEFENDANT'S MOTION |
| v. | |
| CHI YANG, | |
| Defendant. | |

Defendant Chi Yang filed a motion on October 9, 2018 in which he asks the District Judge "to determine whether to revoke the detention order in this case." Mot. to Review Detention Order ("Mot.") at 1:20-22, ECF No. 99. Defendant indicates in his motion that what he challenges is the Magistrate Judge's ruling "[o]n September 27, 2018, [that] denied Mr. Yang's motion to reopen." Id. at 2:17-18. Yang argued in his re-open motion before the Magistrate Judge that the pretrial detainment decision be re-opened so that the judicial decision could made whether Yang should be "released to Wellspace Treatment Center on conditions." Mot. to Reopen Detention Hearing, ECF No. 96 at 1:16-18.[1] Yang "asks the District [Judge] to reverse the U.S. Magistrate [Judge's] decision, and . . . to allow him to use an independent expert to review the drug tests [on] which the U.S.

---
[1] This page number reflects the electronic case filing page number because Yang has failed to number the pages of his Motion to Reopen Detention Hearing.

1

Magistrate Judge relied . . . to detain him." Mot. at 2:18-21. Yang further argues he has "substantially complied with release despite having a drug problem, [and therefore the District Judge] should establish release conditions that include treatment, third party custodians and a small bail." Id. at 5:4-6.

The undersigned listened to a recording of the "re-open" proceeding conducted by the Magistrate Judge on September 27, 2018. Yang's counsel argued during that proceeding that Yang should be released to "Wellspace Treatment Center on conditions." Yang's counsel also argued Yang has a "drug addiction problem," and indicated that Yang does not recognize the problem since Yang does not use drugs and/or alcohol every day.

The United States of America ("the government") opposes the motion, arguing Yang "is not amenable to supervision and should remain in custody pending trial in this case. Opp'n at 1:20-21, ECF No. 103 at 1:20-21. The government also argues:

> Yang's use of methamphetamine while in custody and subsequent false statements to his Pretrial Services Officer regarding his drug use were the first indicators that he could not abide by any conditions of release imposed by this Court . . . [Further,] his failure to appear at a bail review hearing, and the fact that he made additional false statements to his Pretrial Services Officer regarding his most recent use of methamphetamine led this Court to detain him ultimately. [Yang's] inability to abide by the Court's release conditions, his sporadic use of methamphetamine, and his repeated and shifting false statements to his Pretrial Services Officer all call into question the likelihood of his appearance at future proceedings and create a danger to the community. The Court should deny the defendant's request for release. He should be detained pending trial because he is not amenable to supervision.

Id. at 1:6-16, ECF No. 103 at 3:6-16.

A district judge conducts a de novo review of a magistrate judge's bail ruling. See United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990). A district judge "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate." Id. at 1193.

Yang's counsel's "drug problem" argument appears to contradict what Yang has previously told Pretrial Services. Pretrial Services states: "Although Pretrial Services believes the defendant would benefit from a residential drug treatment program, **given his continued denial, it is felt he is not a suitable candidate for substance abuse at this time.**" Pretrial Services Report dated July 11, 2018 (emphasis added).

Pretrial Services recommends that Yang be detained pending trial "given the information contained in [the Pretrial Services Report dated September 27, 2018] and the prior reports, and the defendant's history of non-compliance and lack of candor with [the Pretrial Services] officer." The Pretrial Services Report dated July 11, 2018 evinces that a Pretrial Services Officer met with Yang on June 25, 2018 "to address the positive sweat patch" and that during the meeting the officer questioned Yang's denial of methamphetamine usage; and advised Yang "that there is no medication that will yield a positive drug test

3

result for methamphetamine," notwithstanding Yang's explanation that his positive drug test results were due to his medication. Yang then asked "if the result would show if it (methamphetamine) was smoked, snorted, drank or if someone put it in some in food he consumed. When asked why that would matter if he did not use methamphetamine, [Yang] noted that around [the] time [when he was accused of using methamphetamine] . . . he went to a lot of family functions, and it is possible that someone inadvertently put it in a drink or in some of his food."

During the June 25, 2018 meeting, the officer also asked Yang "to provide updated employment verification." Yang responded saying he had changed his employment without notifying the officer as required. Yang said he "quit his job . . . because he did not have time for his employment due to his weekly outpatient [private] counseling." The Pretrial Services Officer states: "Mr. Yang has been directed on multiple occasions . . . to sign a release of information to allow Pretrial Services to verify his attendance" at outpatient counseling sessions. "Mr. Yang advised he didn't know how comfortable he was with that as he didn't want his assigned officer to know what was discussed." The officer told Yang "that Pretrial Services requires information from the provider and the ability to communicate with the provider." The record does not indicate compliance with this requirement. Further, Yang also failed to appear at a previous court bail hearing in this case.

The Pretrial Services Officer states in the Pretrial Services Report dated July 11, 2018: "Pretrial Services is troubled by Mr. Yang's lack of candor and his ability to take

4

Pretrial Services supervision seriously considering his ongoing denial of methamphetamine [usage] since his release from custody (on October 6, 2018, the first immediately upon his release, and now a second positive test on May 15, 2018) coupled with his other non-compliance issued involving his employment and outpatient treatment." Pretrial Services recommends in the Report dated July 11, 2018: "Given the above factors, most notably the defendant's willful disregard of his conditions of release and his lack of candor, Pretrial Services does not believe the defendant is amendable to supervision."

Pretrial Services' pretrial detention recommendation is credited. Yang admits in his motion and through his attorney's oral arguments at the September 27, 2018 proceeding conducted by the Magistrate Judge that he has a drug problem; even though Yang has indicated otherwise in his communications with Pretrial Services. Notwithstanding Yang's admissions in his attorney's arguments that he has a drug problem, Yang requests the District Judge to authorize him to have "an independent expert to review the drug tests". This request is denied because Yang has not shown that he has presented this issue to a Magistrate Judge for decision; nor has Yang shown the likely fruitfulness of such an order in light of Yang's following admission in his Motion before the Magistrate Judge to "re-open the detention hearing": "[The Magistrate Judge's order detaining] Mr. Yang based on a finding that he was unlikely to abide by conditions of release . . . **was correct while Mr. Yang was in denial about the need for treatment,** and [considering that Yang] had no alternate proposed condition of release except for returning to the location where

5

he failed to stay away from drugs."  Mot. to Reopen Detention Hearing, ECF No. 96 at 3:13–16. (emphasis added).

For the stated reasons, the Magistrate Judge's pretrial detention order is affirmed, Yang's motion is denied, and the November 9, 2018 scheduled hearing on the motion is vacated.

Dated:  November 7, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge