1          UNITED STATES DISTRICT COURT

2         EASTERN DISTRICT OF CALIFORNIA

3

4  UNITED STATES OF AMERICA,          No. 2:17-cr-169-GEB

5

6              Plaintiff,

7      v.                             **ORDER DENYING SUPPRESSION AND**

8                                     **CONVERTING HEARING ON THE MOTION**

9  CHI YANG,                          **TO A STATUS HEARING**

10

11             Defendant.

12

13

14         On November 12, 2019, Defendant Chi Yang filed a motion "to

15  suppress evidence seized without a warrant on June 28, 2017 at .

16  . . Big Spring Road." Mot. to Suppress at 1:19-20, ECF 145.  Yang

17  argues in his motion:

18

19         during the execution of a state search warrant on APN

20         109-050-030-000 . . .  Mr. Yang arrived at the site in

21         a vehicle which was not registered to that property nor

22         to anyone who owned that property.  Mr. Yang did not

23         have any connection to that location, except that his

24         father was found at the location and was being

25         questioned when Mr. Yang arrived. Despite lack of any

26

27         connection to the property, deputies detained him,

28                              1

identified him and conducted a search of the vehicle.
The search allegedly resulted in the seizure of an
additional pound of marijuana.  Mr. Yang was later
released from the scene.  Defense has requested the
warrant but, has not yet seen the warrant.

Mot. to Suppress at 1:25-28, 2:3-9, ECF 145.

The United States opposes the motion arguing, inter alia:
The search warrant in this case covered Yang's car.
The warrant expressly stated that the officers were
commanded to search certain locations and vehicles,
including '[a]ny vehicles associate with and located on
the property during the execution of the search
warrant.'  Ex. 1 at 2.  The command to search vehicles
on the property for evidence was supported by a sworn
affidavit from an investigator from the California
Highway Patrol with over eight years of narcotics
experience.  The affiant stated that he knew 'through
education, training and experience that people will
often transport, store or hide their marijuana supply
in vehicles.'  Ex. 1 at 6 . . . . . In light of the
warrant's command to search '[a]ny vehicles associate
with and located on the property during the execution
of the search warrant,' the deputy's actions in

2

searching the vehicle were entirely proper.  Ex. 1 at

3, 9.

Opp. at 6:13-19, ECF 150.

Yang has not responded to the opposition brief. The search warrant authorizes search of "vehicles associated with and located on the property during the execution of the search warrant." Exh 1 at page 2. The affidavit supporting the search warrant evinces that the search concerned seizing a certain amount of illegal marijuana, and that the "affiant believe[d] the marijuana grow . . . [was] also in violation of 11358 (c) H&S." Since Yang has not shown that his motion should be granted, it is denied.  Therefore, the hearing on the motion scheduled on December 20, 2019 is converted to a status hearing.

Dated:  December 17, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3