MARK J. REICHEL, State Bar #155034
Attorney at Law
455 Capitol Mall, Ste. 802
Sacramento, CA 95814
Telephone: (916) 498-9258

Attorney for Gaosheng Laitinen

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHI MENG YANG, GAOSHENG LAITINEN<br><br>DEFENDANTS . | CASE NO. 17-169 JAM<br><br>STIPULATION TO VACATE DATES FOR CURRENT TRIAL CONFIRMATION HEARING AND JURY TRIAL, AND RE SET TRIAL CONFIRMATION HEARING AND TRIAL DATE FOR ALL DEFENDANTS<br><br>TCH    DATE: JUNE 16, 2020<br>TRIAL DATE: JULY 27, 2020<br>TIMES:  9:00 a.m.<br>HON JOHN A. MENDEZ |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective counsel, the undersigned Assistant United States Attorney, attorneys for Plaintiff, and the undersigned attorneys for defendants, that the current Trial Confirmation Hearing and Jury Trial dates shall be vacated, and the new dates of June 16, 2020 at 9:15 a.m. for Trial Confirmation Hearing and July 27, 2020 at 9:00 a.m. for Jury Trial shall be set. Accordingly, counsel for the defendants desire additional time to interview witnesses, review evidence, pursue further investigation, and otherwise prepare for trial with the defendants.  Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for

1

effective preparation, taking into account the exercise of due diligence.  The government does not object to the continuance.

Both defense counsel require the requested continuance on the following grounds: Due to the current national pandemic and "shelter in place" requirements of the National, State and local governments, defense counsel has encountered extreme difficulty in trial preparation involving obtaining defense documents, defense interviews of witnesses and defense investigation, client communication, in person reviews of tape recordings and other defense and government generated evidence, and travel restrictions for defense counsel which combines to prevent adequate pretrial preparation.

 The State of California has also continued to take action to combat the COVID-19 pandemic. As of March 19, 2020, the Governor for the State of California entered a state-wide shelter-in-place order, requiring everyone in the State to stay in their homes except for essential outings, such as to obtain food, prescriptions or healthcare services. https://www.cnn.com/2020/03/19/us/california-coronavirus-stay-home-order/index.html. Defense counsels and their investigators cannot travel, numerous defense witnesses reside in Minnesota and in the Redding, California area. The defendant Laitinen herself, as well as the defense witnesses, cannot travel.

Accordingly, all counsel and defendant agree that time under the Speedy Trial Act from the date this stipulation is lodged, through July 27, 2020 inclusive,  should be excluded in computing the time within which trial must commence under the Speedy

Trial Act, pursuant to Title 18 U.S.C. § 3161 (H)(7)(B)(iv) and Local Code T4 in that the granting of the continuance serves the ends of justice and outweighs the best interests of the public and the defendant in a speedy trial.

Dated: April 15, 2020

By: /s/ *MARK J. REICHEL*

Attorney for Defendant Laitinen

*By: /s/ Douglas Beevers*

Attorney for Defendant Yang

MCGREGOR SCOTT
United States Attorney

*/s/ Michael Redding*
_____
MICHAEL REDDING
Assistant U.S. Attorney

*/S/ Michael Beckwith*
_____
MICHAEL BECKWITH
ASSISTANT U.S. ATTORNEY

# ORDER

**IT IS SO ORDERED**. Specifically, the Court has read and considered the request to exclude time periods under the Speedy Trial Act. The Court hereby finds that the request, plus the outbreak of the novel coronavirus known as COVID-19 (and related General Orders of this Court and guidance from the Centers for Disease Control and Prevention and state and local health officials), collectively demonstrate facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would result in a miscarriage of justice, given the emergence of the novel coronavirus in the Eastern District of California and beyond, and the necessary steps being taken to avoid further transmission of the virus. The time period of the date of the signing of this stipulation to July 27, 2020, inclusive, is therefore Ordered excluded under the Speedy Trial Act.

TIME IS EXCLUDED AS SET FORTH ABOVE.

Dated: APRIL 15, 2020

/s/ John A. Mendez_____

THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE