1  McGREGOR W. SCOTT
United States Attorney
2  Michael M. Beckwith
Michael W. Redding
3  Assistant United States Attorneys
501 I Street, Suite 10-100
4  Sacramento, CA 95814
Telephone:  (916) 554-2700
5  Facsimile:  (916) 554-2900

6
Attorneys for Plaintiff
7  United States of America

8

9                    IN THE UNITED STATES DISTRICT COURT

10                    EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:17-CR-00169-JAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| CHI MENG YANG, AND GAOSHENG LAITINEN, | DATE: July 14, 2020 TIME: 9:15 a.m. COURT: Hon. John A. Mendez |
| Defendants. | |

18        This case is set for status on July 14, 2020.  It had previously been set for trial on July 27, 2020.

19  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern

20  District of California "until further notice."  Further, pursuant to General Order 611, this Court's

21  declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

22  Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

23  judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders,

24  as well as the declarations of judicial emergency, were entered to address public health concerns related

25  to COVID-19.

26        Although the General Orders and declarations of emergency address the district-wide health

27

28        _____
        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT
                                        1

concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

(9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

judge granted such continuance on the basis of his findings that the ends of justice served by taking such

action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

§ 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

*Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

1  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

2  for the status conference, trial confirmation hearing, and trial.  *United States v. Lewis,* 611 F.3d 1172,

3  1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

4

5  1.      By previous order, this matter was set for status on July 14, 2020.  At the previous setting

6  on June 23, 2020, the Court vacated the previously-set trial date of July 27, 2020.  By previous order,

7  time under the Speedy Trial Act had been excluded up to and including July 27, 2020.

8  2.      By this stipulation, the defendants now move to continue the status conference until

9  September 1, 2020.  The defendants and the government further request to set a Trial Confirmation

10  Hearing on September 22, 2020 and Jury Trial on October 26, 2020.  Given the ongoing COVID-19

11  pandemic and the constantly-evolving status of the virus and various lockdown orders, the parties

12  request this status conference of September 1, 2020 to allow the parties to confer on whether the trial

13  can proceed on October 26, 2020.  The parties all now move to exclude time between July 27, 2020 and

14  October 26, 2020 under Local Code T4.

15  3.      The parties agree and stipulate, and request that the Court find the following:

16  a)      Counsel for defendants desire additional time to prepare for trial.  Due to the

17  present public health crisis (see General Orders 611, 612, 617, and 618) defense counsel have

18  encountered extreme difficulty in trial preparation.  Specifically, the ongoing COVID-19

19  pandemic has hampered defense counsels' abilities to obtain defense documents, conduct

20  interviews of witnesses, conduct further defense investigation, communicate with their clients,

21  review tape recordings and other defense- and government-generated evidence in person, and

22  travel to conduct interviews and otherwise prepare for trial.  Defense counsel and their

23  investigators have not been able to travel and conduct investigations until recently due to the

24  various travel restrictions, and a spike in pandemic cases may lead the state of California to

25  further shut down.  Numerous defense witnesses reside in Minnesota and in the Redding,

26  California area, many of whom are older and who may not feel safe traveling until October for

27

28  _____

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

trial.  These barriers have combined to prevent defense counsel from adequate pretrial preparation.

b)      Accordingly, counsel for the defendants desire additional time to interview witnesses, review evidence, pursue further investigation, and otherwise prepare for trial with the defendants.

c)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the trial involves individuals/witnesses with high-risk factors, such as age.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 27, 2020 to October 26, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  July 13, 2020                                     McGREGOR W. SCOTT
                                                         United States Attorney


                                                         /s/ Michael M. Beckwith
                                                         Michael M. Beckwith
                                                         Assistant United States Attorney


                                                         /s/ Michael W. Redding
                                                         Michael W. Redding
                                                         Assistant United States Attorney


Dated:  July 13, 2020                                    /s/ Doug Beevers
                                                         Doug Beevers
                                                         Counsel for Defendant
                                                         CHI MENG YANG
Dated:  July 13, 2020                                    /s/ Mark Reichel
                                                         Mark Reichel
                                                         Counsel for Defendant
                                                         GAOSHENG LAITINEN


### FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 13th day of July, 2020.


                                                         /s/ John A. Mendez
                                                         THE HONORABLE JOHN A. MENDEZ
                                                         UNITED STATES DISTRICT COURT JUDGE