PHILLIP A. TALBERT
United States Attorney
JAMES R. CONOLLY
AARON D. PENNEKAMP
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-169-JAM |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| CHI MENG YANG and GOASHENG LAITINEN, | DATE: January 31, 2022<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |
| Defendants. | |

## BACKGROUND

This case previously was set for trial on January 31, 2022. On January 18, 2022, however, given the current rapid and unprecedented spread of COVID-19 in the Eastern District, the Court asked the parties if they would be amenable to a further continuance in the trial date, to February 28, 2022. The Court has also asked if the parties would consent to the Court's limiting the pool of potential jurors to individuals who are fully vaccinated against COVID-19.

In response to the Court's inquiries, the parties agree that a continuance of the trial date until February 28, 2022 is warranted, and that time can be excluded from the speedy trial calculations through this new trial date. For the reasons stated by the Court, the parties agree further that the current and evolving public health situation counsels in favor of requiring that all potential jurors be fully vaccinated

against COVID-19.

To the extent it is needed, this stipulation supplements the basis for an exclusion of time, which has repeatedly been described in this Court's General Orders addressing the ongoing public health concerns resulting from the COVID-19 pandemic, and requests that the Court exclude time between January 31, 2022 and February 28, 2022 under Local Code T4, for the reasons set forth below. By prior orders, time has been excluded in this case up to an including January 31, 2022.

On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6. In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." *Id*. ¶ 7. On May 26, 2021, this Court issued General Order 631, which reopened the courthouses in this District, but which left it to "each Judge [to] determine whether to hold proceedings . . . in person . . . or by telephone or videoconference." General Order 631, ¶ 4. The order further authorized each Judge to "exercise his or her authority to continue [criminal] matters" and "exclud[e] time under the Speedy Trial Act." *Id.* ¶ 6. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although these and other General Orders address the District-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, 631, and others require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767–69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. This difficulty has been increased in this District in recent weeks with the rise of the Omicron variant, which has proven more transmissible than earlier COVID-19 variants, and which has increased infection rates across the country—including within this District. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, 995 F.3d 683, 692 (9th Cir. 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are

dismissed; and (7) whether the district court has the ability to safely conduct a trial. *See id*.

In light of the foregoing, the parties jointly submit that this Court should consider the following case-specific facts in finding excludable delay appropriate through the new February 28, 2022 trial date in this particular case under the ends-of-justice exception in 18 U.S.C. § 3161(h)(7) (Local Code T4). *See United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting that any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' respective counsel of record, hereby stipulate as follows:

1. By this stipulation, defendants move to exclude time between January 31, 2022 and February 28, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] and the General Orders.

2. The parties agree and stipulate, and request that the Court find the following:

   a) The parties are currently preparing for trial in this matter. In anticipation of trial beginning on January 31, 2022, the Court set the following filing deadlines: January 21, 2022 for motions in limine; and January 25, 2022, for oppositions to motions in limine, trial briefs, proposed jury instructions, witness lists, and exhibit lists.

   b) Counsel for defendants desire additional time to meet with their respective clients and to identify trial exhibits, prepare witnesses, and to otherwise prepare for trial. Many of these tasks involve meeting with others, and the increased COVID-19 infection rates in this District attributable to the highly transmissible Omicron variant require additional precautions to avoid further transmission of the virus from one person to another. In turn, many of the tasks involved in trial preparation are proceeding more slowly.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by the General Orders described above and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly

apt in this case because of the logistical complications that the Omicron variant presents. This trial involves a defendant who lives in Minnesota, and thus one of the defendants will have to travel by airplane to appear for trial and meet with her attorney in preparation for trial. The disruptions caused by the recent surge in COVID-19 infection rates have made travel more difficult and will likely continue to do so for several weeks. In addition, the other defendant in this case has been moved to a jail facility just outside Sacramento, along with other inmates from his section of the Sacramento County Main Jail, after an outbreak of COVID-19 in that section. According to counsel for this defendant, the quarantine temporarily precludes counsel from visiting his client in person. Moreover, defense counsel indicates that elderly witnesses likely will be required to testify at trial, which raises additional health risks in this case.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interests of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., within which trial must commence, the time period of January 31, 2022 to February 28, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendants in a speedy trial.

3. In light of the continuance of the trial date, the parties also agree that it is appropriate to move the existing pretrial filing deadlines to track the new trial date. Specifically, the parties request that the Court set February 18, 2022, as the deadline for the parties to file motions in limine, and February 22, 2022, as the deadline for the parties to file oppositions to motions in limine, trial briefs, proposed jury instructions, witness lists, and exhibit lists.

/ / /

/ / /

/ / /

/ / /

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: January 20, 2022 | PHILLIP A. TALBERT<br>United States Attorney<br><br>/s/ JAMES R. CONOLLY<br>JAMES R. CONOLLY<br>AARON D. PENNEKAMP<br>Assistant United States Attorneys |
| Dated: January 20, 2022 | /s/ DOUGLAS BEEVERS<br>DOUGLAS BEEVERS,<br>Assistant Federal Defender<br>Counsel for Defendant CHI MENG YANG |
| Dated: January 20, 2022 | /s/ MARK REICHEL<br>MARK REICHEL<br>Counsel for Defendant GAOSHENG LAITINEN |

**[*[Proposed] Order on following page.*]**

**ORDER**

The Court, having considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. The Court finds that the failure to grant a continuance in this case would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and continuity of counsel. The Court specifically finds that the ends of justice served by the granting of such a continuance outweigh the interests of the public and the defendants in a speedy trial.

The date on which trial shall commence in this matter is therefore continued to February 28, 2022. The time from January 31, 2022, up to and including February 28, 2022, is excluded from computation of the time in which trial must commence, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4].

Furthermore, the pretrial filing deadlines are re-set as follows:

- Motions in limine, if any, shall be filed by February 18, 2022; and
- Any oppositions to motions in limine, trial briefs, proposed jury instructions, witness lists, and exhibit lists shall be filed by February 22, 2022.

IT IS SO FOUND AND ORDERED this 21st day of January, 2022.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE